IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STRAGENT, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:10-CV-91 |
| | § | |
| v. | § | |
| | § | |
| FREESCALE SEMICONDUCTOR, | § | JURY TRIAL DEMANDED |
| INC., XELERATED AB, AND | § | |
| XELERATED, INC., | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Stragent, LLC ("Stragent") complains against Defendants Freescale Semiconductor, Inc. ("Freescale") and Xelerated AB and Xelerated, Inc. (collectively "Xelerated"), as follows:

### PARTIES

1. Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2. Upon information and belief, Defendant Freescale is a Delaware corporation having its principal place of business in Austin, Texas.

3. Upon information and belief, Defendant Xelerated AB is a Swedish corporation having its principal place of business in Stockholm, Sweden.

4. Upon information and belief, Defendant Xelerated, Inc. is a Delaware corporation having its principal place of business in Santa Clara, California.

5. Upon information and belief, Defendant Xelerated, Inc. is a subsidiary of Defendant Xelerated AB.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

8. Venue is proper is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

## PATENT INFRINGEMENT

9. Stragent is the owner by assignment of United States Patent No. 7,289,524 ("the '524 patent") entitled "Execution Unit for a Network Processor." The '524 patent was duly and legally issued on October 30, 2007. A true and correct copy of the '524 patent is attached as Exhibit A.

10. On information and belief, Defendant Freescale has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of the '524 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Freescale's infringement includes, among other things, making, using, offering for sale, and/or selling within the United States microprocessors, including without limitation

Freescale 32-bit Microcontroller products.  Freescale is thus liable for infringement of the '524 patent pursuant to 35 U.S.C. § 271.

11.    On information and belief, Defendant Xelerated has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of the '524 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Xelerated's infringement includes, among other things, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, microprocessors, including without limitation Xelerated X11 Processor products.  Xelerated is thus liable for infringement of the '524 patent pursuant to 35 U.S.C. § 271.

12.    As a result of Defendants' infringement of the '524 patent, Stragent has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Stragent requests that this Court enter:

1.    A judgment in favor of Stragent that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '524 patent;

2.    A judgment and order requiring Defendants to pay Stragent its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '524 patent as provided under 35 U.S.C. § 284; and

3.    Any and all other relief to which the Court may deem Stragent entitled.

## DEMAND FOR JURY TRIAL

Stragent, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
_____
Eric M. Albritton
Texas Bar No. 00790215
Adam A. Biggs
Texas Bar No. 24051753
Debra Coleman
Texas Bar No. 24059595
Matthew C. Harris
Texas Bar No. 24059904
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
aab@emafirm.com
drc@emafirm.com
mch@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 21518050
J. Mike Amerson
Texas Bar No. 01150025
Jaison C. John
Texas State Bar No. 24002351
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
Michael A. Benefield
Indiana Bar No. 24560-49
David Morehan
Texas Bar No. 24065790

4

>WILLIAMS, MORGAN & AMERSON, P.C.
>10333 Richmond, Suite 1100
>Houston, Texas 77042
>Telephone: (713) 934-7000
>Facsimile: (713) 934-7011
>danny@wmalaw.com
>mike@wmalaw.com
>jjohn@wmalaw.com
>ccravey@wmalaw.com
>mrodgers@wmalaw.com
>mbenefield@wmalaw.com
>dmorehan@wmalaw.com
>
>***Attorneys for Stragent, LLC***

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 15th day of March 2010.

_____
Eric M. Albritton